

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Marvin H. Brown, Jr.
Criminal District Attorney
Fort Worth, Texas

Dear Sir:

Opinion No. O-3036
Re: Whether or not property
held by the Board of Regents
of the University of Texas
for the use and benefit of
the University for specific
purposes and donated by
George Beggs as Executor
is exempt from taxation.

We acknowledge receipt of your request for an opinion of this department on the question of exemption from taxation of the property of the University of Texas which composes the K. D. Farmer International Scholarship Fund, as conveyed to the University by George Beggs, Executor.

You advised that a deed was executed and delivered to Ireland Graves, as attorney for the Board of Regents, who was duly authorized to accept the same, on December 31, 1938. You further advised that this deed was not placed of record until June 8, 1939.

The questions you asked are as follows:

1. Is the property in question exempt from taxation for the year 1939?

2. Has the Commissioners' Court of Tarrant County lawful authority to exempt this property from taxation for the year 1940 and future years?

By our opinion No. O-1861 we held this property to be exempt from taxation. A copy of that opinion is attached hereto.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Marvin H. Brown, Jr., Page 2

Your request states that the land was assessed for taxes by the Commissioners' Court for the year 1939 and you desire by your question No. 1 to be advised as to whether the property is exempt or not for that year, in view of the fact that the deed was not recorded until June 8, 1939. We find it unnecessary to answer that question because of the case of State v. Stovall, et al, 76 S. W. (2d) 206 (writ refused), it was held that when land reverted to the State after the sale thereof and was then used for public purposes, that it was not subject to seizure and sale to satisfy a judgment for school taxes levied in the interim. This case is cited with approval in the case of Childress County v. State, 92 S. W. (2d) 1011, by the Supreme Court of this State.

You are therefore advised that the land in question is exempt from taxation not only for the year 1940 and future years but that the same cannot be seized or sold for taxes due for the year 1939.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED JAN 30, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Richard H. Cooke
Richard H. Cooke
Assistant

RHC:LM

ENCLOSURE

